# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SCOTT B. SULLIVAN,                          )
                                            )
                         Plaintiff,         )
v.                                          )          Case No. 22-cv-2045-EFM-TJJ
                                            )
UNIVERSITY OF KANSAS HOSPITAL               )
AUTHORITY, et al.,                          )
                                            )
                         Defendants.        )

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**TO THE PLAINTIFF:**

Plaintiff commenced this action pro se on January 31, 2022, by filing a Complaint (ECF No. 1) naming The University of Kansas Hospital Authority and 44 other entities and persons as Defendants. Plaintiff seeks relief from judgments entered in this District in Case Nos. 2:18-cv-2606-JAR-TJJ, 2:19-cv-2034-JAR-TJJ, and 2:19-cv-2078-JAR-TJJ, all of which were affirmed on appeal by the Tenth Circuit U.S. Court of Appeals in an Order and Judgment dated January 29, 2021.[1] Plaintiff has filed a Motion to Proceed *In Forma Pauperis* (ECF No. 3) and an affidavit of financial status (ECF No. 3-1). Under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[2] The decision

---

[1] Appellate Case No. 19-3213.

[2] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[3]

Based on the information provided in his financial affidavit, Plaintiff has shown a financial inability to pay the required filing fees. Plaintiff states he is not currently employed, is disabled, and has no sustaining source of income. The Court will therefore grant Plaintiff's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

## I.    Standard

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[4] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[5] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[6] Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an IFP action "at any time" if it determines the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."[7] To determine whether a complaint states a claim, the Court applies the same standard used in resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[8] To survive a Rule 12(b) motion, "a

---

[3] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

[4] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that district courts may dismiss action without service of process through screening process of § 1915(e)).

[4] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[5] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[7] 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

[8] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11] Because Plaintiff proceeds pro se, his pleadings are liberally construed.[12] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[13]

## II.    Discussion

Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(1-4) and 60(d)(1-2), asserting "discovery of new evidence, fraud upon the court, error and excusable neglect, omission from prior judgment of requests under Rule 11 for new law, and supplemental acts after judgment."[14] Rule 60 states in relevant part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > **(1)** mistake, inadvertence, surprise, or excusable neglect;

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Id.*

[11] *Id.*

[12] *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

[13] *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[14] Compl. (ECF No. 1 at 3).

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

**(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.[15]

Under the rule, a motion seeking relief under Rule 60(b)(1), (2), or (3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." In each of his three prior civil actions, the District Judge entered judgment and an order denying Plaintiff's motions for relief under Fed. R. Civ. P. 59(e) more than one year before Plaintiff filed

---

[15] Fed. R. Civ. P. 60.

this lawsuit.[16] Plaintiff appealed the district court's rulings in each case, and in an Order and Judgment dated January 29, 2021, the United States Court of Appeals for the Tenth Circuit affirmed the judgments in all three cases.[17] However, the operative date for Plaintiff's deadline to seek relief under Rule 60(b)(1), (2), or (3) is August 27, 2019, the date on which the District Judge entered judgments in all three cases.[18] "The initial judgment is the appropriate measuring date if the 60(b) challenge could have been made on the same basis against the original judgment."[19]

Even if Plaintiff's attempt to invoke Rule 60(b)(1-3) were timely, the proper vehicle for seeking relief under any reason listed under Rule 60(b) is by motion in the case where the final judgment or order was entered.[20] Plaintiff filed motions pursuant to Rule 59(e) in each of his previous cases, but the District Judge denied the motions on the basis that Plaintiff had presented no valid legal argument to warrant relief from her orders dismissing the cases under Fed. R. Civ.

---

[16] In each case (Nos. 2:18-cv-2606, 2:19-cv-2034, and 2:19-cv-2078), the court entered judgment on August 27, 2019, and denied Plaintiff's motion for relief under Fed. R. Civ. P. 59(e) on October 31, 2019.

[17] ECF No. 50 (Case No. 2:18-2606); ECF No. 90 (Case No. 2:19-cv-2034); ECF No. 135 (Case No. 2:19-cv-2078).

[18] *Regl. Properties, Inc. v. Fin. & Real Est. Consulting Co.*, 752 F.2d 178, 183–84 (5th Cir. 1985) ("The date of the original judgment is the proper date of reference for consideration of appellant's 60(b) motion, and we thus find that the district court properly dismissed appellant's motion as untimely.")**;** *see also Marquip, Inc. v. Fosber Am., Inc.*, 198 F.3d 1363, 1368–70 (Fed. Cir. 1999) (district court committed no reversible error in determining initial judgment in remanded case is appropriate measuring date for a Rule 60(b) challenge).

[19] *Droz v. Tennis*, Civil Action No. 08-2441, 2008 WL 5501147, at *3 (E.D. Pa. Nov. 25, 2008).

[20] *Giasson Aerospace Science, Inc. v. RCO Eng'g Inc.*, 872 F.3d 336, 339 (6th Cir. 2017) (Rule 60 "provides for 'Relief from a Judgment, Order, or Proceeding' by motion (Part (b)) or by independent action (Part (d))."); *Duse v. IBM Corp.*, 212 F.R.D. 58, 61 n.2 (D. Conn. 2002) ("As judgment in the 1994 Litigation was entered on January 13, 2000 and the present suit was commenced in April 2002, [plaintiff] may not avail himself of the broader scope of Fed. R. Civ. P. 60(b)(3) but rather must, as he has done, pursue relief from judgment under [Rule 60(d)].").

P. 12(b)(6). Plaintiff's failure to file a motion under Rule 60(b) in his earlier cases does not permit him to maintain an independent action seeking relief for any of the reasons asserted in Rule 60(b).

For these reasons, insofar as Plaintiff seeks relief under Rule 60(b), his complaint fails to state a claim upon which relief can be granted.

Plaintiff also asserts he is entitled to relief under Rule 60(d)(3), which permits a court to set aside a judgment for fraud on the court. Fraud on the court constitutes "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court."[21] Such conduct must be "egregious misconduct . . . such as bribery of a judge or jury or fabrication of evidence by counsel."[22] "[Mere] perjury by a witness is not enough to constitute fraud upon the court."[23] Moreover, "a determination of fraud on the court . . . 'must be supported by clear, unequivocal and convincing evidence.'"[24]

Plaintiff's complaint provides no facts to support an allegation of fraud on the court. And Plaintiff may not invoke Rule 60(d)(1)'s authorization of an independent action to relieve a party from a judgment, order, or proceeding "as a 'catch-all to avoid the one-year limitation' [of Rule 60(b)]."[25] "Legal error does not warrant relief pursuant to Rule 60(b)(6) since legal error can be

---

[21] *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005).

[22] *Id.*

[23] *Id.*

[24] *Id.* at 386–87; *see also Oladokun v. Correctional Treatment Facility*, 309 F.R.D. 94, 101 (D.D.C. 2015) (Rule 60(b)(6) does not authorize relief on one of the grounds enumerated in clauses (b)(1) through (b)(5)).

[25] *Gambocz v. Ellmyer,* 438 F.2d 915, 917 (3d Cir.1971).

（上略）

addressed on appeal."[26] Rule 60(b)(6) is to be sparingly used and applied only in extraordinary circumstances.[27] Here, Plaintiff contends the District Judge did not address "multiple issues raised in the case of critical personal and Federal significance,"[28] which he then repeats from his previous lawsuits. The District Judge and the Tenth Circuit carefully considered Plaintiff's complaints and found they did not withstand Rule 12(b)(6) analysis. "If the Court were to entertain these objections once again, it would be tantamount to allowing surreptitious appeal of the district court's judgment."[29]

Finally, Plaintiff raises a new argument that the prior judgments violated his "First Amendment Right to Petition the government for redress of grievances."[30] But "Rule 60(b) is not a vehicle for presenting theories or arguments that could have been raised previously."[31] Accordingly, Plaintiff's new argument does not entitle him to relief under Rule 60.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 3) is hereby granted, but the Court withholds service of process pending § 1915 review following receipt of a response by Plaintiff to the Order to Show Cause set forth below.

**IT IS FURTHER ORDERED** that Plaintiff is hereby required to show good cause in writing to the Honorable Eric F. Melgren, United States Chief District Judge, on or before

---

[26] *Martinez–McBean v. Gov't of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir.1977).

[27] *Bennett v. United States*, 530 F. Supp. 2d 340, 342 (D.D.C. 2008).

[28] Compl. ¶135.

[29] *Droz v. Tennis,* 2008 WL 5501147, at *4.

[30] *Id.* ¶145.

[31] *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013) (citations omitted).

**March 4, 2022**, why this action should not be dismissed for failure to state a claim on which

relief can be granted.

       **IT IS SO ORDERED.**

       Dated this 18th day of February, 2022 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge