UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT B. SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 22-cv-2045-KHV-TJJ |
| ) | |
| UNIVERSITY OF KANSAS HOSPITAL ) | |
| AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff, proceeding *pro se*, filed this action on January 31, 2022, by filing a Complaint (ECF No. 1) naming The University of Kansas Hospital Authority and 44 other entities and persons as Defendants. Plaintiff seeks relief from judgments entered in this District in Case Nos. 2:18-cv-2606-JAR-TJJ, 2:19-cv-2034-JAR-TJJ, and 2:19-cv-2078-JAR-TJJ, all of which were affirmed on appeal by the Tenth Circuit U.S. Court of Appeals in an Order and Judgment dated January 29, 2021.[1] This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 7). Plaintiff asks the Court to appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no absolute right to appointment of counsel.[2] Courts considering requests for the appointment of counsel in civil actions generally

---

[1] Tenth Circuit Case No. 19-3213.

[2] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases"); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

1

look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[4] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[5] Further, the Court will consider Plaintiff's diligence in attempting to secure an attorney on his own as this district's form Motion for Appointment of Counsel requires a movant to report.

Viewing this motion in light of § 1915(e)(1), the Court first considers the financial affidavit Plaintiff submitted in this action. Based on that affidavit, the Court has granted Plaintiff permission to proceed *in forma pauperis*. The affidavit likewise shows Plaintiff is financially unable to secure counsel. In the appointment-of-counsel context, the pertinent inquiry is whether the party seeking appointment can "meet his or her daily expenses" while also hiring an attorney.[6]

With respect to the merits of the litigant's claims and the nature of the factual issues raised in the claims, the Court notes Plaintiff has been ordered to show cause why his complaint should not be dismissed for failure to state a claim upon which relief can be granted. In light of

---

[3] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[4] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[6] *Id.* at 1422.

the information before it, the Court does not find Plaintiff has carried his burden to show his claims are of such merit as to necessarily warrant appointment of counsel.[7]

Plaintiff has made no effort to demonstrate he is unable to secure counsel. His motion lists no attorneys with whom he spoke or whose services he attempted to engage. The Court's form Motion for Appointment of Counsel calls for Plaintiff to make such showing. When considering appointment of counsel, the Court remains mindful that Congress has provided no mechanism for compensating appointed attorneys. For these reasons, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 7) is denied without prejudice to Plaintiff filing a similar motion if he survives summary dismissal.

**IT IS SO ORDERED.**

Dated this 24th day of March, 2022 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[7] This is not to say the District Judge has decided the claims are legally insufficient. Appointment definitely would not be warranted in that circumstance. *See Poindexter v. FBI*, 737 F.2d 1173, 1187 (D.C. Cir. 1984). But that is not a necessary determination when ruling on a motion for appointment of counsel. *See id.* at 1187 n.35 (recognizing "the court need not, and should not, go so far as to actually decide the merits of the case prior to a decision on the plaintiff's request for appointment of an attorney").